IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TUTIONFUND, LLC                         )
                                        )
v.                                      )    No. 3-11-0069
                                        )
SUNTRUST BANKS, INC; SUNTRUST           )
BANK; REGIONS FINANCIAL                 )
CORPORATION; REGIONS BANK;              )
VESDIA CORPORATION; CARTERA             )
COMMERCE, INC.; and                     )
CARDLYTICS, INC.                        )

O R D E R

       Pursuant to the order entered March 2, 2012 (Docket Entry No. 158), a status conference was scheduled on March 14, 2012, at which time the following matters were addressed:

       1.     The plaintiff's motion to set case management conference (Docket Entry No. 153) was effectively GRANTED.

       2.     The parties have already served initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

       3.     Defendants SunTrust Banks, Inc., SunTrust Bank, Vesdia Corporation and Cartera Commerce, Inc. ("the Vesdia defendants") were given until March 28, 2012, to file a supplemental memorandum in support of their amended motions to sever claims (Docket Entry No. 108) and to transfer venue (Docket Entry No. 110), in light of the Leahy-Smith America Invents Act, enacted on September 15, 2011.

       On March 28, 2012, the Vesdia defendants filed a motion for leave to file supplemental brief in support of their amended motion to sever (Docket Entry No. 165), and a motion for leave to file

a supplemental brief in support of their amended motion to transfer (Docket Entry No. 171),[1] which are hereby GRANTED.

The Clerk is directed to file and docket the supplemental brief filed by the Vesdia defendants in support of their motion to sever claims (Docket Entry No. 165-1), and to file and docket the supplemental brief filed by the Vesdia defendants in support of their motion to transfer (Docket Entry No. 171-1).

4. The plaintiff was given until April 6, 2012, to file any reply to the supplemental memoranda filed by the Vesdia defendants.

5. The defendants were directed to file any motions to stay by March 28, 2012, and the plaintiff was given until April 6, 2012, to file responses to such motions.

The Vesdia defendants filed a motion for stay pending resolution of their pre-answer motions (Docket Entry No. 163), to which the plaintiff has filed a response (Docket Entry No. 164).

To the extent that, in their response, the plaintiff requests that the motion to stay be denied pending the hearing on the pending motions, the Court declines to address the motion to stay at this time. On March 14, 2012, the Court concluded that the most efficient method of resolving the pending motions to stay would be in the context of a hearing along with the other pending motions to dismiss, transfer and sever.

On March 28, 2012, defendants Cardlytics, Inc., Regions Financial Corp., and Regions Bank ("the Cardlytics defendants") filed a motion to sever (Docket Entry No. 168).

The plaintiff shall have until April 6, 2012, to file a response to that motion.

No other filings related to the pending motions shall be made except with the express permission of the Honorable Kevin H. Sharp.

---

[1] The Vesdia defendants had previously filed motions to sever and to transfer (Docket Entry Nos. 76 and 79), which were terminated as moot by order entered April 14, 2011 (Docket Entry No. 98), and the Vesdia defendants were directed to file revised motions addressing the amended complaint filed on April 12, 2011 (Docket Entry No. 88).

6. The portion of the response filed by the Vesdia defendants (Docket Entry No. 154) to the plaintiff's motion to set case management conference seeking oral argument on their pending motions is GRANTED.

7. At the parties' request and in consultation with Judge Sharp's office, a hearing is scheduled on **Friday, April 20, 2012, at 9:00 a.m.,** in Courtroom A-826, U.S. Courthouse, 801 Broadway, Nashville, TN, on the following motions in this case:

(1) the amended motion to dismiss filed by the Vesdia defendants and accompanying memorandum (Docket Entry Nos. 106-107), and the plaintiff's response (Docket Entry No. 118);

(2) the amended motion to sever filed by the Vesdia defendants and accompanying memorandum (Docket Entry Nos. 108-109), the plaintiff's response (Docket Entry No. 116), the reply filed by the Vesdia defendants (Docket Entry No. 123), the plaintiff's sur-reply (Docket Entry No. 134), the supplemental brief filed by the Vesdia defendants (Docket Entry No. 165-1), and any response to be filed by the plaintiff by April 6, 2012;

(3) the amended motion to transfer venue and accompanying memorandum filed by the Vesdia defendants (Docket Entry Nos. 110-111), the plaintiff's response (Docket Entry No. 119), the reply filed by the Vesdia defendants (Docket Entry No. 121), the plaintiff's sur-reply (Docket Entry No. 133), the supplemental brief filed by the Vesdia defendants (Docket Entry No. 171-1), and any response by the plaintiff to be filed by April 6, 2012;[2]

(4) the motion to dismiss filed by the Cardlytics defendants and accompanying memorandum (Docket Entry Nos. 112-113), and the plaintiff's response (Docket Entry No. 117);

(5) the motion to stay filed by the Vesdia defendants (Docket Entry No. 163), and the plaintiff's response (Docket Entry No. 164);

---

[2] See also Docket Entry Nos. 154 and 155.

(6) the motion to stay filed by the Cardlytics defendants and accompanying memorandum (Docket Entry Nos. 166-167), and any response to be filed by the plaintiff by April 6, 2012; and

(7) the motion to sever filed by the Cardlytics defendants and accompanying filings (Docket Entry Nos. 168-170, and 172), and any response to be filed by the plaintiffs by April 6, 2012; and

This hearing will be in conjunction with pending motions in the case of <u>TuitionFund v. First Horizon Nat'l Corp.</u>, 3-11-0852. Counsel for the parties have represented that the entire hearing in both cases will take 1-2 hours.

8. Once the pending motions have been resolved, a further case management conference will be set to address all further scheduling in this case.

The Clerk is directed to forward the file in this case to Judge Sharp for his consideration of the above listed motions and prefatory to the April 20, 2012, hearing.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge