IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TUITIONFUND, LLC )
)
v. ) No. 3-11-0069
)
SUNTRUST BANKS, INC; SUNTRUST )
BANK; REGIONS FINANCIAL )
CORPORATION; REGIONS BANK; )
VESDIA CORPORATION; CARTERA )
COMMERCE, INC.; and )
CARDLYTICS, INC. )

O R D E R

Pursuant to the order entered May 8, 2012 (Docket Entry No. 183), counsel for the parties called the Court on May 11, 2012, to address the parties' supplemental case management order (Docket Entry No. 184) and the issues upon which the parties were not able to reach resolution.

The parties' supplemental case management order is approved and contemporaneously entered, with modifications addressed on May 11, 2012. Those modifications and other matters addressed on May 11, 2012, are as follows:

1. The parties have already exchanged initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2. The deadline for the parties to file reply briefs on claim construction issues is November 20, 2012.

3. Prior to filing any discovery motions, the parties shall schedule and participate in a conference call with the undersigned Magistrate Judge.

4. The plaintiff shall be entitled to take ten (10) depositions of each of the two defendant groups[1] and/or their employees, for a total of 20 depositions.

---

[1] For the purpose of determining the number of depositions, the two defendant groups are (1) SunTrust Banks, Inc., Suntrust Bank, Vesdia Corporation, and Cartera Commerce, Inc.; and (2) Regions Financial Corporation, Regions Bank, and Cardlytics, Inc.

5. The defendants shall be entitled to take 20 depositions of the plaintiff and/or its employees.

6. The parties shall have leave to move to expand the number of depositions with justification for taking additional depositions. Conversely, the parties shall have leave to reduce the number of depositions if it appears unnecessary to take the permitted number.

7. The seven (7) hour time limit, provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure, is not reduced. However, the Court expects that the parties will use only the time necessary in any given deposition up to seven hours.

8. The plaintiff shall be permitted to initially identify up to five (5) custodians whose electronic records will be searched for documents responsive to requests for electronic documents for each of the following defendants or groups of defendants: (1) SunTrust Banks, Inc. and SunTrust Bank; (2) Regions Financial Corporation and Regions Bank; (3) Vesdia Corporation and Cartera Commerce, Inc.; and (4) Cardlytics, Inc.[2]

9. In consultation with the office of the Honorable Kevin H. Sharp, a Markman hearing is scheduled on **Friday, December 7, 2012, at 10:00 a.m.,** in Courtroom A-826, U.S. Courthouse, 801 Broadway, Nashville, TN, in conjunction with the case of TuitionFund v. First Horizon Nat'l Corp., 3-11-0852.

10. Further proceedings will be scheduled after entry of a Markman order, to address further scheduling in the case, setting the case for trial, the potential for settlement, propriety of ADR, and any other appropriate matters.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[2] As provided in the contemporaneously entered order, the defendants collectively shall be permitted to initially identify up to five (5) custodians of the plaintiff whose electronic records will be searched for documents responsive to requests for electronic documents