IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TUITIONFUND, LLC, <br> *Plaintiff* <br><br> v. <br><br> SUNTRUST BANKS, INC.; <br> SUNTRUST BANK; <br> REGIONS FINANCIAL CORPORATION; <br> REGIONS BANK; <br> VESDIA CORPORATION; <br> CARTERA COMMERCE, INC.; <br> CARDLYTICS, INC., <br> *Defendants* <br><br><br> CARDLYTICS, INC., <br> *Counterclaim-Plaintiff* <br><br> v. <br><br> TUITIONFUND, LLC, <br> *Counterclaim-Defendant* | § § § § § § § § § § § § § § § § § § § § § § § § | CASE NO.: 3:11-cv-00069 <br> JURY DEMAND <br><br> DISTRICT JUDGE SHARP <br><br> MAGISTRATE JUDGE GRIFFIN |

## CARDLYTICS, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO TUITIONFUND'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Cardlytics, Inc. ("Cardlytics") and files this responsive pleading under Fed. R. Civ. P. 12, which contains Cardlytics' Answer, Defenses and Counterclaims to Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 13:

### I. NATURE OF THE SUIT[1]

1. Paragraph 1 contains no allegation to which a response is required.

---

[1] For the convenience of the Court, Cardlytics' Answer uses the same headings as set forth in TuitionFund's Complaint. In using these headings, Cardlytics does not admit any of the allegations contained in TuitionFund's Complaint, including in the headings.

Page 1

## II. THE PARTIES

2. Upon information and belief, Cardlytics admits that TuitionFund, LLC ("TuitionFund") is a Delaware limited liability company that maintains its principal place of business at 422 Wild Elm, Franklin, Tennessee 37064.

3. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

5. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

6. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9. Cardlytics admits it is a Delaware corporation and that is current principal place of business is business at 621 North Ave. NE, Suite C-30, Atlanta, Georgia 30308. Cardlytics admits it filed a Motion to Dismiss in response to Plaintiff's Original Complaint. Cardlytics does not contest whether it was properly served. Cardlytics denies any remaining allegations of Paragraph 9.

## III. JURISDICTION AND VENUE

10. Cardlytics admits that this Court has subject matter jurisdiction over TuitionFund's claims.

11. Cardlytics denies that Cardlytics has engaged in any acts of infringement of the Asserted Patents. Cardlytics does not dispute personal jurisdiction. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies them.

12. Cardlytics denies that it has engaged in any acts of infringement of the Asserted Patents. Cardlytics is not contesting venue pursuant to 28 U.S.C. §§ 1391(b), (c) or § 1400(b), but Cardlytics denies that this District is a convenient forum. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies them.

## IV. BACKGROUND

13. Cardlytics admits that United States Patent No. 7,499,872 B1 ("the '872 Patent") is entitled "Methods and Systems for Applying Rebates to Higher Education," that United States Patent No. 7,653,572 B1 ("the '572 Patent") is entitled "Methods and Systems for Providing a Rebate Program", and that United States Patent No. 7,899,704 B1 ("the '704 Patent") is entitled "Methods and Systems for Providing a Merchant Funded Rebate Program" (collectively, the "Patents-in-Suit"). Cardlytics admits that an uncertified copy of the '872 Patent is attached to the Complaint as Exhibit A, that an uncertified copy of the '572 Patent is attached to the Complaint as Exhibit B, and that an uncertified copy of the '704 Patent is attached to the Complaint as Exhibit C. Cardlytics admits that the '572 Patent purports on its face to be a continuation of the application (No. 09/703,562) that

Page 3

Case 3:11-cv-00069  Document 187  Filed 06/04/12  Page 3 of 20 PageID #: 3347

resulted in the '872 Patent. Cardlytics admits that the '704 Patent purports on its face to be a continuation of the application (No. 12/347,136) that resulted in the '572 Patent. Cardlytics denies the remaining allegations contained in Paragraph 13.

14. Cardlytics lacks knowledge or information sufficient to form a belief as to whether TuitionFund is the current owner of all rights, title, and interest in and under the '872 Patent and whether TuitionFund has standing to sue for the infringement of the '872 Patent and therefore denies these allegations. Cardlytics admits that the face of Exhibit A states that the '872 Patent issued on March 3, 2009, names Michael P. Thompson as an inventor, and states that the term of the '872 Patent is extended or adjusted under 35 U.S.C. § 154(b) by 1,205 days. Cardlytics denies the remaining allegations of Paragraph 14.

15. Cardlytics lacks knowledge or information sufficient to form a belief as to whether TuitionFund is the current owner of all rights, title, and interest in and under the '572 Patent and whether TuitionFund has standing to sue for the infringement of the '572 Patent and therefore denies these allegations. Cardlytics admits that the face of Exhibit B states that the '572 Patent issued on January 26, 2010, names Michael P. Thompson as an inventor, states that the '572 Patent issued from Application No. 12/347,136 and that Application No. 12/347,136 is a continuation of Application No. 09/703,562, and states that the '572 Patent is subject to a terminal disclaimer. Cardlytics denies the remaining allegations of Paragraph 15.

16. Cardlytics lacks knowledge or information sufficient to form a belief as to whether TuitionFund is the current owner of all rights, title, and interest in and under the '704 Patent and whether TuitionFund has standing to sue for the infringement of the '704

Patent and therefore denies these allegations. Cardlytics admits that the face of Exhibit C states that the '704 Patent issued on March 1, 2011, names Michael P. Thompson as an inventor, states that the '704 Patent issued from Application No. 12/649,903 and states that Application No. 12/649,903 is a continuation of Application No. 12/347,136 ("the '136 Application") and states that the '136 Application resulted in the '572 Patent. Cardlytics denies the remaining allegations of Paragraph 16.

17. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies them.

23. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. Cardlytics admits that Regions Bank uses the services of Cardlytics in making the Regions Cashback Rewards program available to Regions Bank's online banking customers in the United States, including within Tennessee and within this District. Cardlytics denies the remaining allegations of Paragraph 28.

29. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 that relate only to the conduct of Regions and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 29.

30. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 that relate only to the conduct of Regions and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 30.

31. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 that relate only to the conduct of Regions and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 31.

32. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 that relate only to the conduct of Regions and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 32.

## V. CLAIMS

33. Cardlytics incorporates by reference its responses set forth in Paragraphs 1-32 of the Answer as if fully set forth herein.

34. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies them.

35. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies them.

36. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies them.

37. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies them.

38. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies them.

39. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies them.

40. Cardlytics denies the allegations of Paragraph 40.

41. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies them.

42. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies them.

43. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies them.

44. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies them.

45. Paragraph 45 contains no allegation to which a response is required.

A. **Direct Patent Infringement**

46. Cardlytics incorporates by reference its responses set forth in Paragraphs 1-45 of the Answer as if set forth fully herein.

47. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies them.

48. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies them.

49. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies them.

50. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 that relate only to the conduct of Regions and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 50.

51. Cardlytics denies the allegations of Paragraph 51.

B. **Inducement of Patent Infringement**

52. Cardlytics incorporates by reference its responses set forth in Paragraphs 1-51 of the Answer as if set forth fully herein.

53. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies them.

54. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies them.

55. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies them.

56. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies them.

57. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 that relate only to the conduct of Regions and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 57.

## VI. VICARIOUS LIABILITY

58. Cardlytics incorporates by reference its responses set forth in Paragraphs 1-57 of the Answer as if set forth fully herein.

59. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 that relate only to the conduct of other Defendants and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 59.

60. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies them.

61. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies them.

62. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies them.

63. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and therefore denies them.

64. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies them.

65. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies them.

66. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies them.

67. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies them.

69. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies them.

70. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies them.

71. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies them.

72. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies them.

73. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies them.

74. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore denies them.

75. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies them.

76. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies them.

77. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies them.

78. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies them.

79. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies them.

## VII. INJUNCTION

80. Cardlytics incorporates by reference its responses set forth in Paragraphs 1-79 of the Answer as if set forth fully herein.

81. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 that relate only to other Defendants and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 81.

## VIII. DAMAGES

### A. Reasonable Royalty

82. Cardlytics incorporates by reference its responses set forth in Paragraphs 1-81 of the Answer as if set forth fully herein.

83. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 that relate only to other Defendants and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 83.

## B. Enhanced Damages, Attorneys' Fees, and Expenses

84. Cardlytics incorporates by reference its responses set forth in Paragraphs 1-83 of the Answer as if set forth fully herein.

85. Cardlytics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 that relate only to other Defendants and therefore denies them. Cardlytics denies the remaining allegations of Paragraph 85.

86. As understood, Paragraph 86 does not contain allegations to which a response is required. To the extent Paragraph 86 is deemed to contain any allegations relating to Cardlytics, Cardlytics incorporates by reference its responses set forth in Paragraphs 1-85 of the Answer as if set forth fully herein and denies such allegations.

## IX. PRAYER FOR RELIEF

87. Cardlytics denies that TuitionFund is entitled to any relief whatsoever from Cardlytics or the Court, either as prayed for in its Complaint or otherwise. Cardlytics further denies each and every allegation in TuitionFund's Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer and Counterclaims.

## X. JURY DEMANDED

88. Paragraph 88 contains no allegations to which a response is required.

## CARDLYTICS' DEFENSES AND COUNTERCLAIMS

1. On information and belief, Cardlytics hereby pleads and affirmatively sets the following defenses and counterclaims to TuitionFund's First Amended Complaint:

### First Affirmative Defense (Non-Infringement)

2. TuitionFund is not entitled to any relief against Cardlytics because Cardlytics has not directly or indirectly infringed any valid claim of the '872 Patent, the '572 Patent, or the '704 Patent either literally or under the doctrine of equivalents.

### Second Affirmative Defense (No Single Actor)

3. TuitionFund is not entitled to any relief because no single entity directly infringes any valid claim of the '872 Patent, the '572 Patent, or the '704 Patent. The relationships between Cardlytics, Regions Bank, and third parties, including credit card processors, consist of arms-length transactions with no single entity exercising the necessary level of control sufficient for a single actor to perform all the elements of the '872 Patent, the '572 Patent, or the '704 Patent.

### Third Affirmative Defense (Invalidity)

4. The claims of the '872 Patent, the '572 Patent, and the '704 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and 112.

### Fourth Affirmative Defense (Limitation of Damages)

5. TuitionFund's right to seek damages is limited by, including without limitation, 35 U.S.C. §§ 286 and 287.

### Fifth Affirmative Defense (No Entitlement to Injunctive Relief)

6. Upon information and belief, TuitionFund does not make or sell any product that competes with the accused Regions Cashback Rewards program. TuitionFund is not

entitled to any injunctive relief because: (1) Cardlytics has not infringed and is not infringing the '872, '572, and '704 patents; (2) the '872, '572, and '704 patents are invalid; (3) any purported injury to TuitionFund is neither immediate nor irreparable; (4) even if TuitionFund has suffered some injury, there is an adequate remedy at law, and money damages would be sufficient; (5) the public interest strongly disfavors an injunction under the circumstances presented here; and (6) the balance of hardships favors Cardlytics.

## COUNTERCLAIMS

7. Plaintiff-in-counterclaim Cardlytics, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against TuitionFund as follows:

## PARTIES

8. TuitionFund is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 422 Wild Elm, Franklin, Tennessee 37064.

9. Cardlytics is incorporated under the laws of the State of Delaware and maintains its principal place of business at 621 North Ave. NE, Suite C-30, Atlanta, Georgia 30308.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over these counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1338(a), 2201, 2202, and pursuant to 28 U.S.C. § 1331.

11. TuitionFund has subjected itself to personal jurisdiction by suing Cardlytics in this District, and in any event, TuitionFund is subject to personal jurisdiction in this District because it maintains its principal place of business in this District at 422 Wild Elm, Franklin, Tennessee 37064.

12. To the extent that venue is found to be proper under 28 U.S.C. § 1400 for any of the claims in TuitionFund's Complaint, venue is also appropriate under 28 U.S.C. § 1400 for these counterclaims.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '872 Patent

13. Cardlytics repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 7-12 above as if fully set forth herein.

14. Cardlytics has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '872 Patent.

15. To resolve the legal and factual questions TuitionFund has raised and to afford relief from the uncertainty and controversy that TuitionFund's allegations have precipitated, Cardlytics is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '872 Patent.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Invalidity of the '872 Patent

16. Cardlytics repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 7-15 as if fully set forth herein.

17. One or more claims of the '872 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the Untied States Code, including without limitation, §§ 101, 102, 103, and/or 112.

18. To resolve the legal and factual questions TuitionFund has raised and to afford relief from the uncertainty and controversy that TuitionFund's accusations have precipitated, Cardlytics is entitled to a declaratory judgment that the '872 Patent is invalid.

### THIRD CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '572 Patent

19. Cardlytics repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 7-18 above as if fully set forth herein.

20. Cardlytics has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '572 Patent.

21. To resolve the legal and factual questions TuitionFund has raised and to afford relief from the uncertainty and controversy that TuitionFund's allegations have precipitated, Cardlytics is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '572 Patent.

### FOURTH CAUSE OF ACTION

### Declaratory Judgment of Invalidity of the '572 Patent

22. Cardlytics repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 7-21 as if fully set forth herein.

23. One or more claims of the '572 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

24. To resolve the legal and factual questions TuitionFund has raised and to afford relief from the uncertainty and controversy that TuitionFund's accusations have precipitated, Cardlytics is entitled to a declaratory judgment that the '572 Patent is invalid.

## FIFTH CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of the '704 Patent

25. Cardlytics repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 7-24 above as if fully set forth herein.

26. Cardlytics has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '704 Patent.

27. To resolve the legal and factual questions TuitionFund has raised and to afford relief from the uncertainty and controversy that TuitionFund's allegations have precipitated, Cardlytics is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '704 Patent.

## SIXTH CAUSE OF ACTION
### Declaratory Judgment of Invalidity of the '704 Patent

28. Cardlytics repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 7-27 as if fully set forth herein.

29. One or more claims of the '704 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

30. To resolve the legal and factual questions TuitionFund has raised and to afford relief from the uncertainty and controversy that TuitionFund's accusations have precipitated, Cardlytics is entitled to a declaratory judgment that the '704 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Cardlytics requests that the Court:

a. Dismiss the Complaint in its entirety, with prejudice;

b. Enter judgment in favor of Cardlytics and against TuitionFund;

c. Declare that Cardlytics has not infringed, and is not infringing, each of the Patents-in-Suit;

d. Declare that one or more of the claims of each of the Patents-in-Suit are invalid, void and/or unenforceable against Cardlytics;

e. Declare that this is an exceptional case warranting the award of Cardlytics' attorneys' fees under 35 U.S.C. § 285 and related costs; and

f. Grant such further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Cardlytics hereby demands trial by jury on all issues so triable raised by the Complaint or by these Counterclaims.

Respectfully submitted,

/s/ Robert E. Boston
Robert E. Boston (TN Bar # 9744)
Joseph A. Woodruff (TN Bar # 012869)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
Fax: (615) 244-6804
bob.boston@wallerlaw.com
woody.woodruff@wallerlaw.com

Brian J. Malcom (admitted *pro hac vice*)
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Ste 1400
Birmingham, AL 35203
Tel: (205) 226-5706
Fax: (205) 214-8787
brian.malcom@wallerlaw.com

Michael S. Connor (admitted *pro hac vice*)
M. Scott Stevens (admitted *pro hac vice*)
ALSTON & BIRD LLP
101 S. Tryon St., Suite 4000
Charlotte, NC 28280
(704) 444-1000
Fax: (704) 444-1111
mike.connor@alston.com
scott.stevens@alston.com

Matthew Urbanawiz (admitted *pro hac vice*)
Daniel Huynh admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
Fax (404) 881-7777
matt.urbanawiz@alston.com
daniel.huynh@alston.com

*Attorneys for Defendant Cardlytics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served via the Court's Electronic Filing System or by U.S. Mail, upon the following:

Drake Martin
Edward K. Chin
Anthony K. Bruster
NIX, PATTERSON & ROACH, LLP
5215 North O'Connor Boulevard
Suite 1900
Irving, TX 75039
*Attorneys for Plaintiff*

Richard Benjamin King
Louis B. Paddock, Esq.
NIX, PATTERSON & ROACH, LLP
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
*Attorneys for Plaintiff*

Derek T. Gilliland
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
*Attorneys for Plaintiff*

George E. Barrett
David W. Garrison
Scott P. Tift
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
*Attorneys for Plaintiff*

Natalie D. Swider
Steven H. Slater
Brian A. Carlson
SLATER & MATSIL LLP
17950 Preston Road, Suite 1000
Dallas, Texas
*Attorneys for Plaintiff*

Robert S. Patterson
Melissa Balengee Alexander
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee
*Attorneys for Defendants, SunTrust Banks, Inc., SunTrust Bank, Cartera Commerce, Inc. and Vesdia Corporation*

Tim Bechen
Williams Mullen
200 S 10th Street
Suite 1600
Richmond, VA 23219
(804) 420-6000
Fax: (804) 420-6507
Email: tbechen@williamsmullen.com
*Attorneys for Defendants, SunTrust Banks, Inc., SunTrust Bank, Cartera Commerce, Inc. and Vesdia Corporation*

John D. Simmons
Dennis J. Butler
Christina D. Frangiosa
PANITCH SCHWARZE BELISARIO & NADEL, LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, Pennsylvania 19103
*Attorneys for Defendants, SunTrust Banks, Inc., SunTrust Bank, Cartera Commerce, Inc. and Vesdia Corporation*

/s/ Robert E. Boston