IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TUITIONFUND, LLC, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO.: 3:11-CV-00069 |
| | § | JURY DEMAND |
| SUNTRUST BANKS, INC.; | § | |
| SUNTRUST BANK; | § | |
| REGIONS FINANCIAL CORPORATION; | § | |
| REGIONS BANK; | § | |
| VESDIA CORPORATION; | § | |
| CARTERA COMMERCE, INC.; and | § | |
| CARDLYTICS, INC., | § | |
| *Defendants* | § | |

## PROTECTIVE ORDER

All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties

are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

## INFORMATION SUBJECT TO THIS AGREED PROTECTIVE ORDER

Discovery materials produced in this case may be labeled as one of two categories: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as set forth in Items A-B below. The identified categories of information shall be identified collectively in this Agreed Protective Order ("Agreed Protective Order," "Protective Order," or "Order") by the title "Protected Information." Any documents derived from or containing Protected Information must also be designated with the appropriate category of confidentiality, according to the terms of this Order.

Except as provided for below, Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this Agreed Protective Order, shall be used only for purposes of the prosecution and defense of the above captioned litigation, shall not be used for any business purpose or any other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

### A. CONFIDENTIAL INFORMATION

1. Any party may designate documents, expert reports and/or interrogatory answers as "CONFIDENTIAL INFORMATION."

2. Any document or tangible thing containing or including any "CONFIDENTIAL INFORMATION" may be designated as such by the producing party

by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.      All "CONFIDENTIAL INFORMATION" not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 3, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.      Except as otherwise provided elsewhere in this Agreed Protective Order and/or in any supplemental or amended protective order entered in this matter, any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and shall be subject to this Agreed Protective Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to furnishing copies to the receiving party.

5.      The following are examples of information that are not "CONFIDENTIAL INFORMATION":

              a.      Published advertising materials;

              b.      Any information which is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Agreed Protective Order;

              c.      Any information that the receiving party can show by written records was already known to it prior to the disclosure, provided that it was either 1)

received from the producing party and was not received under an obligation of confidentiality to the producing party, or 2) received from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

d.      Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

e.      Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's "CONFIDENTIAL INFORMATION."

6.      Documents designated "CONFIDENTIAL" and information contained therein shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof and shall be available only to:

a.      Attorneys with the law firms of record and supporting personnel employed in or by the law firm(s) of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks;

b.      Outside commercial copy vendors or litigation support personnel, shorthand reporters, e-Discovery vendors, duplicating, photocopying and document coding/scanning vendors, non-technical jury or trial consulting services, and mock jurors who have signed the form attached hereto as Exhibit B;

c.      Outside Experts and their necessary support personnel who have signed the form attached hereto as Exhibit A after complying with paragraph 29 *infra*;

d.      Any in-house counsel or employee of a party who either has responsibility for making decisions dealing directly with this action or who is assisting outside counsel in preparation for proceedings in this action except that such employees, in-house counsel, paralegals or clerical employees of a defendant or of an indemnitor of a defendant under this sub-paragraph in one Defendant Group[1] shall not have access to any co-defendants' CONFIDENTIAL material in the other Defendant Group;

e.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

f.      Independent legal translators retained to translate in connection with this action who have signed the form attached hereto as Exhibit A; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action who have signed the form attached hereto as Exhibit A;

g.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action, who have signed the form attached hereto as Exhibit A;

h.      Any person to whom the producing party agrees to provide a copy; and, with respect to a particular document;

i.      an individual who is shown on the face of the document to have been an author, source, or recipient of the document or otherwise established to be knowledgeable about the contents of the document; and

---

[1] Defendant Groups for purposes of this Order are as follows: (1) SunTrust Banks, Inc., SunTrust Bank, Vesdia Corporation, and Cartera Commerce, Inc. (the "Vesdia Defendants") and (2) Regions Financial Corporation, Regions Bank, and Cardlytics, Inc. (the "Cardlytics Defendants").

j.      Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

## B.      HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

7.      Any party may designate documents, expert reports and/or interrogatory answers as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purpose of protecting a party's sensitive, non-public information, such as technical information, patent applications, marketing and financial information, and competitive and pricing information.   Materials designated as HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY include those things of a proprietary or technical nature which are non-public and/or which would be of value to a party as a competitor or potential competitor of the party making the designation and which must be protected from disclosure to such party and/or third parties.

8.      Documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and information contained therein shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof and shall be available only to:

a.      Attorneys with the law firms of record and supporting personnel employed in the law firm(s) of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks;

b.      Outside commercial copy vendors or litigation support personnel, shorthand reporters, e-Discovery vendors, duplicating, photocopying and document coding/scanning vendors, non-technical jury or trial consulting services, and mock jurors who have signed the form attached hereto as Exhibit B;

c.      Outside Experts and their necessary support personnel who have signed the form attached hereto as Exhibit A after complying with paragraph 29 *infra*;

d.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.      Independent legal translators retained to translate in connection with this action who have signed the form attached hereto as Exhibit A; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action who have signed the form attached hereto as Exhibit A;

f.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action who have signed the form attached hereto as Exhibit A;

g.      Any person to whom the producing party agrees to provide a copy;

h.      With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document or otherwise established to be knowledgeable about the contents of the document;

i.      Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such

Case 3:11-cv-00069  Document 201   Filed 07/03/12   Page 7 of 27 PageID #: 3582

persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

### C.      CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

9.      Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

10.      A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve such disputes promptly and informally. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation.  It shall be the burden of the receiving party to make out a prima facie case that the contested Protected Information is not entitled to the level of confidentiality selected by the producing party.  In response to such a prima facie case, the producing party bears the burden of proof to show by a preponderance of the evidence that there is good cause for the document to have the protection claimed by the producing party.

11.     Until a determination is made by the Court, the Protected Information at issue shall be treated as having been properly designated and subject to the terms of this Order.

**D.      LIMITATIONS ON THE USE OF PROTECTED INFORMATION AND USE AT DEPOSITION AND TRIAL**

12.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this Agreed Protective Order, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Protected Information of one defendant shall not be shown to another defendant's Outside Expert without prior consent.

13.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a.      A director, officer, employee of a producing party, may be shown at deposition or trial all Protected Information which has been produced by that party, or by a non-party and that relates to the producing party, as long as the Protected Information either (1) identifies on its face the director, officer, and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

b.　　Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party.

14.　　Outside attorneys of record for the parties or their authorized staff members are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

15.　　At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the reporter. This request may be made orally during the deposition or in writing within thirty (30) days of receipt of the final certified transcript.  A deposition transcript in its entirety, including all exhibits, is to be considered CONFIDENTIAL information for the first thirty (30) days after receipt. If no CONFIDENTIAL designation is made within thirty (30) days of receipt, the deposition transcript shall not be considered CONFIDENTIAL.  Any portions so designated shall thereafter be treated in accordance with the terms of this Agreed Protective Order.

16.     Where Protected Information is used at trial, it is the burden of the party who intends to use another Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or materials to make arrangements with the Court to ensure that the Protected Information remains CONFIDENTIAL and/or HIGHLY CONFIDENTIAL.

## E.     NONPARTY USE OF THIS PROTECTIVE ORDER

17.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a Court order may designate such material or information as Protected Information pursuant to the terms of this Agreed Protective Order.

18.     A nonparty's use of this Agreed Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## F.     PROTECTION OF CONFIDENTIAL INFORMATION

19.     Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

20.     To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information unless the pleading or other paper is also filed under seal.  Any party filing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY information shall follow the procedures in the Court's rules for electronically

filing documents under seal. If any party files CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY information without first attempting to file the CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY information under seal pursuant to the local rules, any party to this action or any non-party as described in Section E of this Order may request that the Court place the CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY materials under seal within 30 days of the filing of said CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY materials.

21. All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if the words do not already appear on the copy, along with the bates number of the documents. Paper copies of native documents must include the designation and Bates number either on the documents themselves or on a cover sheet attached to the documents. Native documents should include the appropriate designation CONFIDENTIAL or HIGHLY CONFIDENTIAL in the file name. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

## G. OBLIGATIONS ON CONCLUSION OF LITIGATION

22.     Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  Thirty (30) calendar days after the conclusion of all proceedings in this case, including any appeals, all originals or copies of documents, deposition transcripts or other information identified by any party as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY shall be returned to counsel for the producing party.  This provision applies to documents and information in paper or electronic format.  Alternatively, any receiving party may, at its option and cost, destroy such materials in a secure manner that ensures confidentiality and renders the information no longer recognizable.  If a party chooses to securely destroy documents, the destroying party must certify the destruction of the documents in writing to counsel for the producing party.

Notwithstanding this provision, at the termination of the matter, a receiving party shall not be required to delete information that may reside on their respective electronic disaster recovery systems that are overwritten in the normal course of business.  To the extent it is later discovered that CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY information from such electronic disaster recovery system has been restored in the normal course of business, however, such information shall be destroyed as set forth in this paragraph.

23.     Furthermore, outside counsel of record may retain (in paper or electronic format) any documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY, as well as any documents, databases, pleadings, deposition transcripts, work papers, or other work product that contain or refer to such documents, for a period of one (1) year following the conclusion of all proceedings in this case,

including any appeals. Any documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY retained by outside counsel are to be maintained for archival purposes only (and cannot be used for any other purpose absent the producing party's consent) and counsel's obligations of confidentiality continue until the documents are permanently destroyed. If outside counsel of record chooses to retain the type of documents noted above for the above noted time frame, outside counsel must immediately return same to counsel for the producing party at the end of such time frame or certify the destruction of same in accordance with paragraph 22 of this order.

24. This section does not apply to actual "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information on file with the Court, as the parties are without authority to impose this obligation on the Court.

## H. NO WAIVER OF PRIVILEGE

25. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right or immunity. If any party inadvertently or mistakenly produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by complying with Federal

Rule of Civil Procedure 26(b)(5)(B). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by complying with Federal Rule of Civil Procedure 26(b)(5)(B). Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

26. Inadvertent or mistaken production of documents or things containing Protected Information which are not designated as one or more of the two categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The producing party shall notify the receiving parties promptly after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend. In the event of any mistaken or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.

## I. PATENT PROSECUTION BAR

27. Subject to the provisions of Paragraph 28 below, no counsel, expert, or representative of plaintiff who received any material or information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

Case 3:11-cv-00069 Document 201 Filed 07/03/12 Page 15 of 27 PageID #: 3590

ONLY" by any defendant, and any counsel, expert or representative of plaintiff who received a summary of any material or information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" "AEO" by any defendant, shall not participate, or assist, in the prosecution of a patent application, a divisional, a continuation, a continuation in part, a re-issue, or foreign counterparts related in any way to the patents-in-suit or the subject matter of the patents-in-suit (systems and/or methods for merchant funded credit and/or debit card rebate programs) from the time of receipt of such materials and information until two (2) years after final resolution of this litigation, including appeals. For purposes of this paragraph, "prosecution" means drafting, amending, advising on, or reviewing any patent applications or claims relating to systems and/or methods for merchant funded credit and/or debit card rebate programs. However, notwithstanding any of the above, nothing in this paragraph shall be construed to in any way limit persons permitted to review "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information under this Protective Order from participating in any re-examination of the patents-in-suit, including the currently pending *inter partes* reexamination or any reexamination of the patents-in-suit filed in the future. Moreover, outside counsel for any Defendant shall not be prohibited from participating in other prosecution related to the subject matter of the patents-in-suit.

## J.    MISCELLANEOUS PROVISIONS

28.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

29.    A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 6(b) or 8(b) of this order until after the expert or consultant has signed an undertaking in the form of Exhibit A to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. The party or parties receiving service of the identity of the proposed expert or consultant must maintain the identify of that individual, including his/her name, address, employer and business title, in confidence and treat it as any other Highly Confidential material under this Order, specifically including not sharing any information about the expert or consultant with any party to *TuitionFund v. First Horizon National Corporation, et al.*  At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae.  If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court for a ruling within five days of the parties' inability to resolve the dispute, and the Confidential or Highly Confidential information may not be

Case 3:11-cv-00069   Document 201    Filed 07/03/12   Page 17 of 27 PageID #: 3592

disclosed to the expert or consultant without the Court's approval. Any Motion made by the producer pursuant to this paragraph must be sealed and all briefing and argument in the Motion must be sealed and not disclosed to any party to *TuitionFund v. First Horizon National Corporation, et al.*

30.    Materials produced in this lawsuit may contain non-public or personally identifiable customer information protected by state and federal laws ("Customer Information"). The Parties agree to take all reasonable steps to maintain the confidentiality and privacy of Customer Information. The Producing Party shall make reasonable efforts to redact Customer Information from documents prior to production to the extent that redaction will not significantly affect the discoverable information contained in the documents. In the event that Customer Information cannot be effectively redacted or is inadvertently produced, the production of Customer Information, pursuant to the terms of this Protective Order, shall be considered authorized, lawful, and necessary for the purpose of responding to judicial process and complying with the local rules of Court.

31.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

Case 3:11-cv-00069   Document 201   Filed 07/03/12   Page 18 of 27 PageID #: 3593

32.     This Agreed Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Agreed Protective Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

33.     Nothing in this Agreed Protective Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

34.     Nothing in this Agreed Protective Order obligates a party to produce trade secrets, which are neither relevant, nor necessary to prove any claim or defense at trial, such as, by way of example only, infringement/non-infringement based on the Court's claim construction.

35.     Nothing in this Agreed Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Information, provided that counsel does not disclose Protected Information in a manner not specifically authorized under this Agreed Protective Order.

36.     This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

37.     This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

38.     The United States District Court for the Middle District of Tennessee is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Middle District of Tennessee.

**IT IS SO ORDERED,** this 3rd day of July 2012.

_____
**Magistrate Judge Juliet E. Griffin**

APPROVED FOR ENTRY:                    Dated: June 29, 2012

By: /s/Scott P. Tift
George Edward Barrett
David W. Garrison
Scott P. Tift
BARRETT JOHNSTON, LLC
217 Second Avenue, N
Nashville, TN 37201
dgarrison@barrettjohnston.com
gbarrett@barrettjohnston.com
stift@barrettjohnston.com

Natalie D. Swider
Steven H. Slater
Brian A. Carlson
SLATER & MATSIL LLP
17950 Preston Road, Suite 1000
Dallas, TX 75252
swider@slater-matsil.com
slater@slater-matsil.com
bcarlson@slater-matsil.com

Derek T. Gilliland
Nix, Patterson & Roach, LLP
205 Linda Drive
Daingerfield, TX 75638
dgilliland@nixlawfirm.com

Anthony K. Bruster
Edward Chin
Edward Cloutman
NIX, PATTERSON & ROACH, LLP
5215 North O'Connor Blvd., Suite 1900
Irving, TX 75039
akbruster@nixlawfirm.com
edchin@me.com
edcloutman@nixlawfirm.com

Louis B. Paddock
Richard Benjamin King
NIX, PATTERSON & ROACH, LLP
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

*Attorneys for Plaintiff*

By: /s/Mark T. Vogelbacker (*by SPT w/permissions*)
Robert S. Patterson (No. 6189)
Melissa Ballengee Alexander (No. 19956)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2335
Facsimile: (615) 252-6335
bpatterson@babc.com
malexander@babc.com

John D. Simmons (admitted pro hac vice)
Dennis J. Butler (admitted pro hac vice)
Christina D. Frangiosa (admitted pro hac vice)
Mark T. Vogelbacker (admitted pro hac vice)
PANITCH SCHWARZE BELISARIO & NADEL, LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
Telephone: (215) 965-1330
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com
cfrangiosa@panitchlaw.com

*Attorneys for Defendants, SunTrust Banks, Inc.,*
*SunTrust Bank, Cartera Commerce, Inc. and Vesdia Corporation*

By: /s/Michael S. Connor (*by SPT w/permissions*)
Robert E. Boston (TN Bar # 9744)
Joseph A. Woodruff (TN Bar # 012869)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
bob.boston@wallerlaw.com
woody.woodruff@wallerlaw.com

Brian J. Malcom (admitted pro hac vice)
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Ste 1400
Birmingham, AL 35203
Telephone: (205) 226-5706
Facsimile: (205) 214-8787
brian.malcom@walerlaw.com

Michael S. Connor, Esq. (admitted pro hac vice)
M. Scott Stevens, Esq. (admitted  pro hac vice)
ALSTON & BIRD LLP
101 S. Tryon St., Suite 4000
Charlotte, NC 28280
Telephone:  (704) 444-1000
Facsimile:  (704) 444-1111
mike.connor@alston.com
scott.stevens@alston.com

Matthew Urbanawiz, Esq. (admitted pro hac vice)
Daniel L. Huynh, Esq. (admitted pro hac vice)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
Matt.urbanawiz@alston.com
Daniel.huynh@alston.com

*Attorneys for Defendants Regions Bank,*
*Regions Financial Corp., and Cardlytics, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TUITIONFUND, LLC | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO.: 3:11-cv-00852 |
| | § | JURY DEMAND |
| SUNTRUST BANKS, INC.; | § | |
| SUNTRUST BANK; | § | |
| REGIONS FINANCIAL CORPORATION; | § | |
| REGIONS BANK; | § | |
| CORPORATION; | § | |
| CARTERA COMMERCE, INC.; | § | |
| CARDLYTICS, INC., | § | |
| | § | |
| *Defendants* | § | |

UNDERTAKING OF _____.

I, _____, state that:

1.      My business address is: _____.

2.      My present employer is: _____.

3.      My present occupation or job description (including my title) is:

_____.

4.      My past and present business relationships with the parties to this

litigation are: _____.

5.      For experts or consultants only, a copy of my curriculum vitae is attached

hereto.

6.      For experts or consultants only, in accordance with the applicable

protective order, I have provided a list of all instances in which, during the last four (4)

years, I provided expert testimony at trial or deposition.

7.      I have received a copy of the Agreed Protective Order in this action signed by the Court.

8.      I have read and understand all the provisions of the Agreed Protective Order.

9.      I will hold in confidence, will not use and will not disclose to anyone not qualified under the Protective Order any materials designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which are disclosed to me, except as otherwise permitted by the Court or by the agreement of the parties.

10.      Having read the Agreed Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

11.      I will follow the terms of paragraph 25 of the Protective Order regarding the return or destruction of materials designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that may come into my possession.

12.      I hereby submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, for the purpose of enforcement of this Agreed Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:_____          SIGNATURE: _____

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| TUITIONFUND, LLC | § | |
| *Plaintiff* | § | CASE NO.: 3:11-cv-00852 |
| v. | § | JURY DEMAND |
| SUNTRUST BANKS, INC.; | § | |
| SUNTRUST BANK; | § | |
| REGIONS FINANCIAL CORPORATION; | § | |
| REGIONS BANK; | § | |
| VESDIA CORPORATION; | § | |
| CARTERA COMMERCE, INC.; | § | |
| CARDLYTICS, INC., | § | |
| *Defendants* | § | |

I, _____, state that:

1.     My present employer is: _____.

2.     My present occupation/job description (including my title) is:

_____.

3.     My employer's business address is:

_____.

4.     I understand that I am being given access to confidential and/or highly confidential information related to the above litigation.

5.     I agree to hold in confidence, will not use and will not disclose to anyone any materials designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" disclosed to me, except as permitted by the Court.

6.     I hereby submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, for the purpose of enforcement of this exhibit.


I declare under penalty of perjury that the foregoing is true and correct.

DATE:_____          SIGNATURE:_____