UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TUITIONFUND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-00069 |
| | ) Judge Sharp |
| SUNTRUST BANKS, INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is a Motion to Stay Pending *Inter Partes* Reexamination (Docket No. 207) filed by Defendants SunTrust Banks, Inc., SunTrust Bank, Vesdia Corporation, and Cartera Commerce, Inc. (collectively the "Vesdia Defendants"), to which Plaintiff Tuitionfund LLC has responded in opposition (Docket No. 211). The Court heard oral arguments on the motion on September 24, 2012, after which the Vesdia Defendants filed a Sealed Supplement Brief in further support of their request for a stay. For the following reasons, the Motion to Stay will be denied.

In a related case, TuitionFund LLC v. First Horizon Nat'l Corp. *et al.,* No. 3:11-0852 ("First Horizon"), the Court was presented with a similar request for a stay pending reexamination of the patents in suit. In denying the request, the Court wrote:

> In determining whether to exercise its discretion to impose a stay pending the USPTO's reexamination, Courts primarily consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Protective Indus., Inc. v. Ratermann Mfg., Inc., No. 3:10-1033, 2010 WL 5391525 at *2 (M.D. Tenn. Dec. 22, 2010) (internal quotation marks omitted) (quoting Lincoln Electric v. Miller Electric Mfg. Co., No. 1:06-02981, 2007 WL 2670039, *2 (N.D. Ohio Sept. 7, 2007); Magna Donnelly Corp. v. Pilkington N. Am. Inc., No. 4:06-126, 2007 WL 772891, *2 (W.D. Mich. Mar. 12, 2007). . . .

1

> The Court having carefully considered the applicable factors, and in spite of the fact that discovery is in its infancy and no trial date or Markman hearing has been set, nevertheless finds that the other two factors weigh heavily in favor of the denial of Defendants' motion for stay.

(First Horizon, Docket No. 94). Having thoroughly considered the arguments raised by the Vesdia Defendants, the Court is not persuaded that a stay is any more appropriate here than it was in the First Horizon case.

If First Horizon was in its infancy, this case has progressed well beyond the toddler stage. There have been more than two hundred docket entries, the parties have made discovery requests and noticed depositions, and a motion for partial summary judgment has been filed and briefed. Even more telling, this case has progressed to the point that the parties have exchanged their proposed claim constructions, and filed their joint construction statement in anticipation of the Markman hearing that is scheduled for both this case and the First Horizon matter on December 7, 2012.

Further, there may be tactical advantages to the Vesdia Defendants in seeking a stay, the most apparent being delay. According to statistics from the United States Patent and Trademark Office, *inter partes* reexamination proceedings pend in the Patent Office for an average of 36.1 months,[1] and that process can easily expand to five years if appeals are exhausted. LG Elects. U.S.A., Inc. v. Whirlpool Corp., 2011 WL 487574 *1 (D.N.J. Feb. 7, 2011). This delay could disadvantage TuitionFund and the other Defendants because of the increased risk of loss of evidence and the potential for fading memories.

Further, the Court is not convinced that a stay as to the Vesdia Defendants will simplify the

---

[1] This figure is drawn from the USPTO "Reexamination Filing Data – June 30, 2012," which is available at www.uspto.gov/patents/stats/EP_quaterly_report_June 30, 2012.pdf, last visited October 3, 2012.

2

issues in question, or the trial of the case, notwithstanding their assertion that (1) "at least some and possibly all of the asserted claims will very likely be canceled or narrowed during reexamination": (2) "the USPTO's technical expertise will clarify the meaning and scope of the claims"; and (3) "the Vesdia Defendants will be estopped from asserting any prior art in the litigation that was asserted or could have been asserted in the reexamination." (Docket No. 208 at 10).

The Court does not necessarily share the same optimism as the Vesdia Defendants as to the outcome of the reexamination proceedings. If a stay is granted, but some or all of the claims are not cancelled or are affirmed without amendment, "the Court and the parties [will be] in the same position they are now, only months or years later." Quest Software, Inc. v. Centrify Corp., 2011 WL 1085789 at *5 (D. Utah March 21, 2011). And, notwithstanding the issuance of a stay, discovery will go forward as between Tuitionfund and the Cardlytics and Regions Defendants, the Markman hearing will be held in just two months, the Court will be required to issue a claim construction Order construing the claim of the patents-in-suit, and hold a trial, if necessary. This potentiality presents yet another possible tactical advantage to the Vesdia Defendants by allowing them to learn TuitionFund's strategy and tactics relating to the patents in suit, while sitting on the sidelines and not having to disclose their own in the context of this litigation.

Having considered the relevant factors and the arguments by the parties,[2] the Court exercises its discretion by DENYING the Vesdia Defendant's Motion to Stay Pending *Inter Partes* Reexamination (Docket No. 207). Additionally, and on an unrelated housekeeping matter, the Motion for Partial Summary Judgment filed by Defendants Cardlytics, Inc., Regions Financial

---

[2] The new representation made by the Vesdia Defendants in their sealed supplemental brief does not "overwhelmingly favor[] a stay" (Docket No. 227 at 2) as they contend. At most, it indicates that damages will not continue to accrue, but does not assuage this Court's concerns about the potential impact of delay, or the real possibility of the unnecessary duplication of effort.

3

Corp. and Regions Bank (Docket No. 202) is hereby DENIED AS MOOT in light of the Order Granting Joint Motion for Stipulated Partial Dismissal (Docket No. 221).

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

4