UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TUITIONFUND, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11-00069 |
| | ) Judge Sharp |
| SUNTRUST BANKS, INC., *et al.*, | ) |
| Defendants. | ) |

*************************************************************************

| | |
|---|---|
| TUITIONFUND, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11-00852 |
| | ) Judge Sharp |
| FIRST HORIZON NATIONAL CORPORATION, *et al.*, | ) |
| Defendants. | ) |

## ORDER

On April 23, 2013, this Court entered an Order and 25-page Memorandum construing four of the terms and/or phrases contained in the patents-in-suit. The parties have now filed a "Joint Motion for Further Claim Construction or Clarification of the Court's Claim Construction Order," (Docket No. 274), in which they request that the Court construe the remaining eleven terms and/or phrases listed in their claim construction chart, or, alternatively, "request further clarification regarding the Court's intention with respect to the remaining terms." (Id. at 2). In a footnote, the parties also indicate that their "submission indicated an agreed-upon definition of 'tracking entity,'" and request "the Court confirm whether it accepts the agreed construction." (Id. at fn. 2).

Contemporaneously with that Motion, the parties filed a "Joint Motion to Stay the Deadlines

1

in the Case Management Order" (Docket No. 275) in which they note that, pursuant to the Supplemental Case Management Order, all remaining pretrial deadlines in the case are to be calculated based upon the date of issuance of a "Final Claim Construction Order," and assert that "[t]he parties are unsure as to whether the Court's April 23 Claim Construction Order is the Final Claim Construction Order, given its analysis of just four of the fifteen terms in dispute." (Id. at 2).

In this Court's Memorandum on claim construction, the Court wrote:

> In accordance with the Supplemental Case Management Orders in these consolidated actions, the parties submitted a claim construction chart (Case No. 3:11-0069, Docket No. 222-1), containing 15 claim terms and/or phrases. After reviewing the patents-in-suit and the claim construction briefing, the Court identified four terms for construction at this point, and so informed the parties at the Markman hearing.

(Docket No. 198 at 6, emphasis added). The Court then construed those four terms, and concluded by stating: "The Court need go no further at this point and will enter an Order confirming the claim construction set forth herein." (Id. at 26).

For purposes of the parties' Joint Motion for Further Claim Construction or Clarification," (Docket No. 274) the Court CLARIFIES that which it hoped was obvious – the Court has no present intention to construe any further terms or phrases of the patents-in-suit (although the Court hereby ACCEPTS the parties' agreed-upon definition of "tracking entity"), and the Court's April 23, 2013, Order and Memorandum constitute the Court's claim construction in these consolidated cases. As such, the Joint Motion to Stay Deadlines (Docket No. 275) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

2