IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TUITIONFUND, LLC | ) | |
| | ) | |
| v. | ) | No. 3-11-0069 |
| | ) | |
| SUNTRUST BANKS, INC; SUNTRUST | ) | |
| BANK; REGIONS FINANCIAL | ) | |
| CORPORATION; REGIONS BANK; | ) | |
| VESDIA CORPORATION; CARTERA | ) | |
| COMMERCE, INC.; and | ) | |
| CARDLYTICS, INC. | ) | |

O R D E R

Pursuant to the order entered June 3, 2013 (Docket Entry No. 283), counsel for the parties called the Court on June 4, 2013, at which time a settlement conference was scheduled on **Wednesday, June 18, 2013, at 9:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, in conjunction with the case of TuitionFund v. First Horizon, 3-11-0852, except that the Cardlytics defendants will not participate, and the plaintiff and the Cardlytics defendants will schedule private mediation in July of 2013.

The June 14, 2013, date, tentatively scheduled in the June 3, 2013, order, is released. However, the Court will reserve the date of June 28, 2013, if necessary.[1]

If they have not already done so, as soon as possible, counsel shall confer to attempt to reach a resolution of the information plaintiff's counsel asserts the plaintiff needs before the settlement conference, and the defendants shall produce as much information as possible as soon as possible. In addition, the plaintiff shall, by no later than June 12, 2013, respond to the offer made by the Vesdia defendants, and the parties shall engage in any additional settlement to the extent feasibly possible prior to June 18, 2013.

---

[1] After the June 4, 2013, conference call, counsel for the Cardlytics defendants called the office of the Magistrate Judge to advise that, not only would the representatives of these defendants be unable to participate in a settlement conference on June 18, 2013, they would also be unable to participate in a settlement conference if it were scheduled on June 28, 2013.

Counsel for the parties shall attend the settlement conference, along with the plaintiff, and a representative(s) of the Vesdia defendants with full settlement authority.[2] For the purposes of this case, full settlement authority means that the representatives of the defendants present in person at the settlement conference shall have full settlement authority up to the last demand made by the plaintiff, that the parties' representatives do not need authority from any other individual to enter into any settlement agreement, and that the representatives of the parties present at the settlement conference shall have total independent authority to enter into any settlement.[3]

Counsel for each party shall be prepared to present a brief opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference. The parties shall be prepared to devote the entire day to the settlement conference, if necessary.

By **Friday, June 14, 2013, at 12:00 noon,** the parties shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or to Mr. Steve Wilson or Mr. Chris Call, law clerks to the undersigned, or provide by facsimile transmission (615-736-7070) ex parte, separate settlement conference statements which shall specify their respective settlement positions. If a settlement conference statement is provided by fax, it is not necessary to deliver the original.

1) Each statement is to be furnished only to the Court and not to the other parties. The statements shall not be e-filed or otherwise filed with the Clerk of Court.

2) In their respective statements, counsel for the parties shall make a candid assessment of the strengths and weaknesses of each party's position in the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits, and each client's probable success on the damages sought and/or relief requested by the plaintiff.

---

[2] Counsel advised that Mike Thompson, CEO of the plaintiff, and Karen Cambry, CFO of defendant Cartera Commerce, and Ethan Clariday, in house counsel for Cartera, would participate in the settlement conference.

[3] The parties are advised that, unless otherwise specifically ordered, failure to be present with full settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

2

a) Plaintiff's statement shall contain an assessment from the plaintiff's viewpoint of its damages and the strengths and weaknesses of its position.

b) Defendants' statement shall contain an assessment of the plaintiff's damages, defendants' exposure to those damages, and the respective strengths and weaknesses of defendants' position.

3) Each statement shall include a brief overview of the facts and a summary of the party's view of the law as to their theory of liability or defense.

4) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

5) Each statement shall contain an assessment of the economic cost of proceeding to trial, including attorney fees and expenses that have already been incurred and attorney fees and expenses that will be incurred if this case is not settled.

6) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his client in a settlement of the case and all other terms and conditions of such a settlement, based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

7) The statement shall include the maximum amount the defendants may be willing to pay and the minimum amount the plaintiff may be willing to accept, and any other term upon which each client insists.[4]

8) Each statement shall recount with specificity the settlement discussions between the parties to date.

9) Each statement shall provide a listing of those attorneys and representatives who will be in attendance at the settlement conference.

---

[4] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.

10) The parties shall provide any additional information that might be helpful to the Court.

As a housekeeping matter, the Clerk is directed to reinstate Cardlytics, Inc., Regions Financial Corporation, and Regions Bank as defendants in this action. The order entered September 27, 2012 (Docket Entry No. 221), only dismissed the plaintiff's claims against these defendants on the '872 patent. The plaintiffs claims on the two other patents remain.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge