IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TUITIONFUND, LLC | ) | |
| | ) | |
| v. | ) | No. 3-11-0069 |
| | ) | |
| SUNTRUST BANKS, INC; SUNTRUST BANK; REGIONS FINANCIAL CORPORATION; REGIONS BANK; VESDIA CORPORATION; CARTERA COMMERCE, INC.; and CARDLYTICS, INC. | ) ) ) ) ) ) | |

O R D E R

Pursuant to the order entered June 21, 2013 (Docket Entry No. 294), a telephone conference call was held with the Court, counsel for the plaintiff and counsel for the Cardlytics defendants[1] on June 26, 2013,[2] at which time they advised that the defendants intended to suggest a mediator to conduct mediation in late July or early August.

If the parties develop disputes about the selection of the mediator and/or the situs of the mediation that they are not able to resolve themselves, counsel shall schedule a telephone conference call with the Court to address any such disputes.

Counsel for the parties also addressed discovery issues that have arisen. The parties believe that they have resolved two issues, the first involving production in response to a subpoena, and the second involving the plaintiff's response to the defendants' interrogatory requesting the plaintiff's damages theory and the facts upon which they rely. Plaintiff's counsel advised that the plaintiff

---

[1] The Cardlytics defendants include Regions Financial Corporation, Regions Banks, and Cardlytics, Inc. The remaining defendants (the "Vesdia" defendants) did not participate in the conference call because they reached a settlement with the plaintiff on June 18, 2013.

[2] Although the Cardlytics defendants did not participate in the June 18, 2013, settlement conference, the Court offered them the same opportunity as provided to the parties in TuitionFund v. First Horizon, 3-11-0852, i.e., if they are uncomfortable with the assigned Magistrate Judge continuing to be involved in this case after conducting a settlement conference in this case with the plaintiff and the Vesdia defendants and in the First Horizon case, they may simply call the office of the Magistrate Judge to so advise and the case will be reassigned to another Magistrate Judge.

would supplement its response by June 28, 2013, based on the updated financial information recently provided.

However, defendants' counsel addressed the unresolved issue based on the defendants' position that it is improper for the plaintiff to have asserted, in its final infringement contentions, served approximately one month ago, mutually exclusive theories of infringement. Plaintiff's counsel contended that the plaintiff was not able to make its final infringement contentions until after the Markman order and memorandum entered April 23, 2013 (Docket Entry Nos. 272-273), and order entered May 6, 2013 (Docket Entry No. 276), and that the plaintiff is not able to make selections between alternative contentions until after its experts review the testimony of Mr. Harmon, the defendants' Rule 30(b)(6) witness, whose deposition is scheduled on July 9, 2013. Defendant's counsel, however, insisted that the Markman order did not change the facts in the case and there was no reason for the plaintiff to have waited until after the order to serve its final infringement contentions. Defendant's counsel also represented that the July 9, 2013, Rule 30(b)(6) deposition testimony will not shed any new light than that already provided by the previous Rule 30(b)(6) deposition.

After considering the arguments of both sides, the Court directed that, by July 12, 2013, the plaintiff shall narrow its final infringement contentions, with the expectation that the plaintiff will select one final infringement contention out of A, B or E for each of the direct claims. The plaintiff will have the opportunity to take the Rule 30(b)(6) deposition prior to such selection and share with its expert the deposition testimony before making a selection. The Court encourages the plaintiff's expert to attend the July 12, 2013, deposition in person or remotely by web-stream or other remote access. The Court also assumes that, particularly if the July 12, 2013, deposition does not elicit any significantly different information, the plaintiff will be able to make its selections among the mutually exclusive theories.

Plaintiff's counsel agreed to review its privilege log and provide more information as appropriate so that the defendants can form an opinion of whether the plaintiff's assertion of work

product protection is appropriate. Plaintiff's counsel also agreed to review its assertions of attorney client privilege, particularly when no attorney authored or received the documents listed.

However, it appeared that the parties had reached an impasse on the issue of the entries in the privilege log relating to Frances Dale in which the plaintiff asserts both attorney client privilege and a common interest privilege. Although defendants' counsel understood that Ms. Dale was a business consultant for the plaintiff, plaintiff's counsel explained that she had a mixed role and assisted with the patent prosecution on behalf of or for plaintiff's patent counsel. Thus, plaintiff's counsel contended that all documents involving Ms. Dale in her business role had been produced but only those documents relating to the patent prosecution had been withheld. The defendants may file a motion on this issue. However, plaintiff's counsel agreed to provide, by July 3, 2013, an affidavit from Michael Thompson, the President and CEO of the plaintiff, and/or any other information to support the plaintiff's position on Ms. Dale's role.

Finally, defendants' counsel related that the plaintiff had voluntarily produced documents to banks that discussed the patent examiner's decision and whether to amend claims. It is the defendants' position that such production constitutes a waiver of communications between the plaintiff and its patent attorney regarding the '872 patent. Plaintiff's counsel contended that, although the packets of documents provided to the bank were marked confidential, the substance of the letters at issue related to factual matters, and their production did not constitute a waiver of attorney client privilege. The defendants may file a motion on this issue as well.

It is so ORDERED.

                                                                                                 JULIET GRIFFIN
United States Magistrate Judge